## ORAL PARTNERSHIP AGREEMENT ENFORCEABLE IN COURT OF EQUITY.

Common Pleas Court of Hamilton County.

### GEORGE C. WADE VS. JAMES E. DEHART ET AL.*

Decided, 1926.

*Partnership—Agreement Need Not State Each Party Shall Bear Share of Losses—Parol Agreement Creating Partnership Is Not Within Statute of Frauds—Court of Equity Will Enforce Such Agreement Between Parties—Declaration of Trust and Accounting Allowed.*

1. To constitute a valid partnership there need be no agreement that each party shall bear a share of the losses, as such liability follows as a legal consequence of the partner's right to share in the profits.

2. The statute of frauds does not apply to a parol agreement creating a partnership or joint adventure for the purpose of improving and selling real estate, and not contemplating a transfer of title from one of the parties to the other.

3. A court of equity will enforce the oral agreement of parties to improve and sell land and share the profits, the element of partnership taking the transaction out of the statute of frauds.

4. Where the evidence shows that A, a practical carpenter, entered into an agreement with B, who was to furnish the capital to purchase, improve and sell a piece of real estate and to share

---

* On appeal, the Court of Appeals entered a decree similar to that of the Common Pleas Court.

the profits equally, and where the evidence further shows that A carried out his part of the agreement but found later that B had had the title to the lot taken in the name of his father and refused longer to recognize the partnership, *held* that a valid partnership existed between A and B, that B's father is a trustee holding the real estate for the benefit of the partnership, and that an accounting should be ordered.

*Harry E. Engelhardt,* for plaintiff.

*Scott Thompson* and *William R. Collins,* for defendants.

RYAN, J.

The plaintiff brings this action for an accounting, declaration of trust and for general equitable relief.

The plaintiff alleges in his petition that on or about the —— day of June, 1923, plaintiff entered into a partnership with the defendant, James E. DeHart, for the purpose of carrying on the business of building houses and selling same in the city of Norwood, Hamilton county, Ohio; that the defendant James E. DeHart had no knowledge of building construction or dealing in real estate, and by the terms of said partnership agreement he was to supply the necessary money for said business; that this plaintiff was a practical builder and, by the terms of said partnership agreement, was to contribute his skill, time and labor to said enterprise; that in pursuance to said partnership agreement the said partners purchased Lot 415 of the Norwood View subdivision, and by agreement of plaintiff and said James E. DeHart said property was to have been taken in the name of James E. DeHart; that a building was to be erected thereon and upon completion of said building, said premises were to be sold.

The defendant, James E. DeHart, was to be reimbursed out of the sale price of said property for the actual cash outlay made in the venture, and the balance of the selling price was to be equally divided between the plaintiff and said defendant, subject to any advancement made to this plaintiff on account pending the construction and sale of said building.

Plaintiff further says that he entered upon the performance of his part of the contract and did perform the same

in every detail, and that on the 22d day of September, 1923, James E. DeHart notified the plaintiff that he would no longer recognize him as a partner and claimed that this plaintiff had no interest in the property, and that he had purposely delayed having the partnership papers prepared and signed.

Plaintiff further alleges that in violation of said partnership agreement, said James E. DeHart, with the intention and for the purpose to cheat, wrong and defraud this plaintiff and without the knowledge of plaintiff, had the title to said property taken in the name of Wood C. DeHart, who is the father of defendant.

Plaintiff further says that said James E. DeHart accordingly has taken possession of all the assets of said partnership, and that he has refused and still refuses to give him an accounting of said partnership transaction; that this plaintiff has received only the total sum of two hundred and ninety-one dollars out of said partnership, and that said defendants, James E. DeHart and Wood C. DeHart are about to dispose of said premises and will dispose of same with intent and purpose to cheat, wrong and defraud this plaintiff unless restrained by order of this court.

The defendant, James E. DeHart, by his answer denies that on the — day of June, 1923, plaintiff entered into a partnership with said Wood C. DeHart and this defendant for the purpose of carrying on the business of building houses and selling same in the city of Norwood, Hamilton county, Ohio, and further answering the defendant denies that he made any contract of partnership at any time with the plaintiff, and further denies each and every other allegation in plaintiff's petition contained.

The defendant, Wood C. DeHart, denies that plaintiff entered into a partnership with said James E. DeHart for the purpose of carrying on the business of building houses and selling the same, and said defendant also denies that in pursuance of said partnership agreement the premises described in plaintiff's petition were purchased or that

George C. Wade has any interest in the premises. De-
fendant further says that he is the sole owner of Lot 415
of the Norwood View subdivision which he purchased as
vacant property and that he has since improved said prop-
erty and that said plaintiff has no interest in said prop-
erty.

Further answering this defendant denies each and
every other allegation in plaintiff's petition contained.

It appears from the evidence that the plaintiff and de-
fendant were residents of Rising Sun, Indiana; that the
plaintiff was a carpenter and builder engaged at his trade
in June, 1923, in and about the city of Cincinnati, return-
ing to his home for the week end, and that the defendant,
James E. DeHart on several occasions visited the plaintiff
at his home in Rising Sun, and suggested that they enter
into a partnership to engage in the business of building
and selling houses. On one of these occasions Wade told
James E. DeHart that he "had no money to go on," and
DeHart said that he would furnish the money, put it in
the bank and Wade could draw from this account for his
expenses. A verbal agreement was entered into by the
terms of which the defendant James E. DeHart was to
furnish the money for said business and the plaintiff was
to contribute his services and skill as a practical carpenter,
together with his knowledge of real estate, and they were
to share equally any profits that were made. Pursuant to
their agreement, and at the instance and request of James
E. DeHart, Wade left the position in which he was then
employed, made an investigation and found what appeared
to him to be a suitable lot upon which to begin their oper-
ations. He negotiated with a real estate agent who had
the lot for sale and communicated with said James E. De-
Hart who came up from Rising Sun to examine the prop-
erty. After viewing the property, the plaintiff and de-
fendant James E. DeHart, went to the office of the real
estate agent and purchased the lot described in plaintiff's
petition. A deposit of one hundred dollars was paid by
James E. DeHart on account of the purchase price. The

contract was taken in the name of James E. DeHart pursuant to their agreement, and the deed was to be made in the name of James E. DeHart as grantee.   Immediately after the contract for the purchase of the lot had been entered into, Wade prepared the plans, specifications and estimates, and with DeHart went to the mill and arranged for the lumber and mill work and also to the builder's supply companies where they arranged for the other materials required for said building.   The building permit was procured from the building commissioner of the city of Norwood and the work was commenced on the 25th of June, 1923.

The plaintiff and defendant made the excavation for the cellar.   James E. DeHart arranged for the delivery of the concrete blocks for the foundation and in conversation with Meyers, the concrete block manufacturer, said that his partner was going to lay up the blocks.   Later, when Meyers was delivering the concrete blocks to the premises, DeHart told him that he and Wade, who was a good mechanic, were in partnership; that they had been born and raised together and were doing this job together. Wade, who was known to Meyers, at this time was engaged in the erection of the foundation walls.   It further appears from the testimony of Len Stewart that James E. DeHart stated to him that he would not deny that a partnership existed at the beginning of the transaction, between he and Wade.   As the work progressed Wade drew weekly for his expenses, the total amount so drawn being two hundred and sixty-one dollars.

At the time the partnership agreement was originally entered into at Wade's home, it was understood and agreed between the parties that the partnership agreement would be reduced to writing by Mr. Thompson, an attorney at Rising Sun, and now appearing as one of the counsel for defendants in this case.   On several occasions as the work progressed, Wade requested DeHart to have the agreement reduced to writing.   This, however, DeHart neglected to do and on the 22d day of September, 1923, when

Wade again requested that the agreement be reduced to writing, DeHart became angry and told Wade that there was no partnership between them; that he had received all that he was going to get out of the job and that he would sign no contract. At this time the building was about ready for plastering. DeHart had furnished the money and Wade, with the assistance of a helper, had erected the foundation, finished the rough carpenter work and concrete work and put in all of the frames and metal work.

It is claimed that there was no partnership agreement and even if there was an agreement between the parties that it was invalid for the reason that there was no obligation whereby the alleged partners were to share in the losses, if any should occur in the venture.

The court finds from the evidence that there was a valid partnership agreement entered into between the parties. In their brief counsel for defendants referring to the testimony of the plaintiff, Wade, credit him with the statement that "by express agreement he was not to share any of the losses." This statement is inaccurate, Wade merely testified that there was nothing said about sharing losses.

It is well settled that there need be no express agreement that each party shall bear a share of any losses which might occur in the business since as a legal consequence one participating in the profits of a partnership is held liable for a share of the losses.

It is also claimed that the alleged agreement was within the statute of frauds since the same was not reduced to writing.

The court is of the opinion that the statute of frauds does not apply to a parol agreement creating a partnership or joint adventure, having most or all of the legal elements of a partnership, for the purpose of purchasing, improving and selling real estate, either generally or in a single instance, on speculation or for profit and not contemplating a transfer of title from one of the parties to

the other, or constituting either the vendor or purchaser from one to the other.

A court of equity may enforce the obligations of the parties, *inter se,* growing out of the partnership agreement to deal in the purchase and sale of land and share the profits though the agreement is oral, the element of partnership taking the transaction out of the statute.

It is further claimed that the defendant Wood C. DeHart purchased the lot and erected the building thereon and that he was the sole owner of the premises, and that the plaintiff had no interest therein. The evidence clearly shows that the plaintiff Wade was induced to enter into the partnership agreement by the representations of James E. DeHart that he had the backing of his father in the undertaking and that he would furnish whatever funds might be necessary to purchase the lot and complete the building.

Wood C. DeHart took no part in the purchase of the lot, was not known in any of the transactions relating to the erection of the building, and only appeared in the matter after September 22, 1923, when Wade discovered that the conveyance of the lot was made to Wood C. DeHart as grantee, although the contract provided for the purchase and taking title by James E. DeHart.

In view of the above the court is of the opinion that there was a valid partnership agreement entered into between George C. Wade, plaintiff and James E. DeHart, defendant; that pursuant to said agreement the lot described in the petition was purchased and the building erected; that the defendant, James E. DeHart sought to avoid the partnership agreement and to that end fraudulently had the property placed in the name of his father, Wood C. DeHart; that the said Wood C. DeHart at the time the title to the lot was taken in his name, knew that the purpose then was to avoid, if possible, any claim that Wade might have under the verbal partnership agreement and that the whole transaction was designed to defeat or defraud Wade from any interest in the partnership business.

The court therefore finds that the said Wood C. DeHart is a trustee holding the premises described in plaintiff's petition in trust for the benefit of the partnership entered into by George C. Wade and James E. DeHart, and that the plaintiff, George C. Wade is entitled to an accounting as prayed for in his petition.

A decree may be drawn accordingly.

---

## SPECIFIC PERFORMANCE ENFORCED BY A VENDOR.

### Common Pleas Court of Montgomery County.

### OSCAR C. WADE ET AL V. NETTIE SHAHAN.

#### Decided, June 23, 1927.

*Contracts—Enforcement of, where for Sale and Purchase of Land— Remedy of Specific Performance Available to Vendor as well as Vendee, who in Equity is the Beneficial Owner.*

The remedy of specific performance of a contract for sale and purchase of land is mutual, and may be enforced by vendor as well as vendee, notwithstanding in case of the vendor it is sought to compel payment of a specific sum.

SNEDIKER, J.

This is an action brought by the plaintiffs who are vendors against the defendant who is a vendee to enforce specific performance of a contract of sale and purchase made by the plaintiffs with the defendant for certain real estate in Washington township, this county.

To the petition of the plaintiffs a demurrer was filed and overruled. The defendant declined to file an answer.

Upon the date set for hearing she was present with her counsel. The case proceeded to the conclusion of the plaintiffs' testimony, and she offered no evidence in her behalf.

Her contention now is that the plaintiffs are not entitled to this proceeding in specific performance; that their remedy is not in equity but at law for damages, if any, an account of the breach of the contract by the defendant. She takes the view that a vendor has no equity to enforce specific performance against his vendee.